**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.: 8:25-cv-01577-KKM-TGW

MOTHER DOE as an individual and
on behalf of JOHN DOE AND JANE DOE,

                    Plaintiff,
v.


THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA,

          Defendant.


<u>**FIRST AMENDED COMPLAINT**</u>

Plaintiff, Mother Doe, on behalf of John Doe and Jane Doe, by and through the

undersigned counsel, hereby files this First Amended Complaint against Defendant, The

School Board of Manatee County, Florida, pursuant to Fed. R. Civ. P. 15(a)(1) as a matter

of right, as the filing of the First Amended Complaint is within 21 days of the

Complaint (Doc. No. 1) filed on June 18, 2025 and before service on Defendant, and

alleges as follows:[1]

---

[1] In a related case pending before this Court, *Mother Doe on behalf of John Doe and Jane Doe v. The School Board of Manatee County, Florida*, Case No.: 8:24-cv-02540-CEH-LSG, the deadline to amend pleadings, as set forth in the

**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff, Mother Doe, is sui juris, the legal guardian of John and Jane Doe, and authorized to sue on their behalf and asserts an individual claim for loss of filial consortium and an adult resident of Muscatine County, Iowa. During the events giving rise to this action, Plaintiff was a resident of Manatee County, Florida, and relocated to Iowa due to the trauma caused by the incidents described herein. John and Jane Doe are siblings. Plaintiff and her children are identified in the lawsuit by the pseudonyms, as this case involves facts of the utmost intimacy regarding sexual abuse of Plaintiff's minor children and Plaintiff fears further psychological injury if her name and those of her minor children were publicly disclosed. Defendant is on notice of the identities of Plaintiff and the alleged aggressor.

2. Defendant The School Board of Manatee County, Florida ("School Board") is constitutionally and statutorily charged with the operation and control of public kindergarten-12th grade education within Manatee County and receives federal funds. At all relevant times, Cynthia Saunders served as Superintendent until her retirement in July 2023, after which Jason Wysong assumed the role until May 2025, when Kevin Chapman became interim superintendent. Each managed the School Board's day-to-day operations during their respective tenures. The School Board operates, controls,

---

Case Management and Scheduling Order, has expired. To protect the plaintiff's rights against the running of the applicable statute of limitations and to ensure timely assertion of additional claims arising from the same underlying transactions or occurrences, the plaintiff has filed this separate action. In accordance with Federal Rule of Civil Procedure 42(a) and Middle District of Florida Local Rule 1.07(b), the plaintiff will promptly file a motion to consolidate this action with the existing case to promote judicial economy, avoid duplicative proceedings, and prevent the risk of inconsistent rulings, as both actions involve common facts.

and maintains Florine J. Abel Elementary School ("the School") in Manatee County, Florida.

3. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) over Plaintiff's claims arising under 42 U.S.C. § 1983, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant resides in Manatee County, Florida, and the events giving rise to this action occurred in this District.

4. At all relevant times to this lawsuit, John Doe was a seven-to-eight-year-old elementary school student in the second grade (2022–2023) and third grade (2023–2024), enrolled at Florine J. Abel Elementary School.

5. At all relevant times to this lawsuit, Jane Doe was an eight-to-nine-year-old elementary school student in the third grade (2022–2023) and fourth grade (2023–2024), enrolled at Florine J. Abel Elementary School.

6. At all relevant times to this lawsuit, Angel Rodriguez Mercado ("Rodriguez") was an English for Speakers of Other Languages ("ESOL") paraprofessional at Florine J. Abel Elementary School employed by the School Board of Manatee County, assigned to John and Jane Doe during their second and third grade year (2022–2023) and continuing into the start of the 2023–2024 academic year.

7. In or about November of 2023, John and Jane Doe disclosed sexual abuse by Rodriguez to their mother and law enforcement after she learned that Rodriguez was being investigated for sexual abuse.

8. The sexual abuse of the minors consisted of Rodriguez placing them on his lap and fondling their private areas on multiple occasions in class, often during school hours.

John Doe was fondled under his clothes. Jane Doe was caressed and touched by Rodriguez while on his lap as he whispered to her how beautiful she was, and he fondled her on her vagina. Rodriguez threatened Jane Doe not to say anything.

9. Some of Rodriguez's sexual abuse of children occurred while other students were present in class. Ms. Johnson was physically present in the classroom during instances of Rodriguez's sexual abuse of John and Jane Doe but failed to intervene due to her negligent inattention and failure to monitor Rodriguez's interactions with students in a classroom with multiple students, where Ms. Johnson's inattention to Rodriguez's interactions allowed abuse to occur unnoticed. John and Jane Doe's sexual abuse began in August 2022, continued through the 2022–2023 academic year, and extended into the start of the 2023–2024 academic year, ending before Rodriguez's sexual abuse allegations became public in November 2023.[2]

10. Upon learning of her children's sexual abuse by Rodriguez in or about November 2023, Mother Doe immediately contacted the school and law enforcement. Mother Doe disclosed her children's sexual abuse to the School's Principal, Samantha Webb ("Principal Webb"). Principal Webb admitted that there was a prior complaint against Rodriguez made by a student's parent, but that she believed that he treated the students like "he was their grandfather."

---

[2] John Doe and Jane Doe report that the abuse by Rodriguez continued into the 2023–2024 school year, though their young age limits their ability to specify the exact end date. Based on information and belief, due to Rodriguez's continued unsupervised access to the minors, the abuse likely persisted until the allegations became public in November 2023. These allegations are set forth in the First Amended Complaint, which supersedes the original complaint as the operative pleading under Fed. R. Civ. P. 15(a)(1) and covers both the 2022–2023 and 2023–2024 academic years.

11. The Manatee County Sheriff's Office investigation revealed other students were also sexually abused by Rodriguez at the school. After his arrest, Rodriguez admitted to sexually abusing at least one student to law enforcement, including conduct consistent with the abuse of John and Jane Doe.

12. The State Attorney's Office of the 12th Judicial Circuit has charged Rodriguez with F.S. § 800.04(5)(b), lewd or lascivious molestation, for the sexual abuse of John and Jane Doe, and for the sexual abuse of two other students.

13. As a result of John and Jane Doe's sexual abuse, and the school's complete disregard for their safety, the family relocated.

14. In or about Spring of 2021, prior to the incidents involving John and Jane Doe, a former employee of Florine J. Abel Elementary School reported to Assistant Principal Rebecca Britto concerns about Rodriguez's behavior. The former employee disclosed an incident where Rodriguez admitted that he went to the movies with a student and had the student over his house for dinner.

15. The former employee also discussed with Assistant Principal Rebecca Britto concerns regarding Rodriguez's behavior, including his practice of encouraging students to call him "Daddy" (if American), "Papi" (if Hispanic), or "Abuelo" (if Hispanic). The former employee explicitly told Rodriguez not to allow students to use these terms and suggested they call him "Mr. A" or "Angel" instead. Despite this, other teachers at the school, who were very friendly with Rodriguez, justified his boundary violations as cultural and failed to investigate further. Other teachers were aware that the students referred to Rodriguez as "abuelo," or "grandpa," and that Rodriguez would often hug children. It was justified among staff due to the close relationships that were formed

between Rodriguez and staff members. The School Board's failure to train staff on appropriate boundaries allowed teachers to dismiss Rodriguez's violations as cultural, enabling his continued misconduct.

16. Assistant Principal Rebecca Britto had actual notice of Rodriguez's inappropriate behavior as early as Spring 2021, based on the former employee's reports of Rodriguez taking a student to the movies and having the student over for dinner, as well as encouraging students to use inappropriate familial nicknames. Based on information and belief, no adequate or formal investigation was conducted, and no corrective or safety measures were implemented following the report.

17. Prior to and during John and Jane Doe's sexual assault by Rodriguez, school officials, including Principal Webb and Assistant Principal Rebecca Britto, had actual notice that Rodriguez would place students on his lap, encourage inappropriate familial nicknames, and engage in other boundary violations with students. Boundary violations include inappropriate physical contact, off-campus interactions with students, and encouraging familial nicknames such as "Daddy" or "Abuelo," which were known to school officials and indicative of grooming behavior.

18. Ms. Johnson, a teacher at Florine J. Abel Elementary School, was aware that Rodriguez showed favoritism toward certain students, referring to them as his "favorites," and allowing his favorite students to sit next to his desk. John Doe and Jane Doe reported Rodriguez's misconduct to Ms. Johnson during the 2022-2023 school year, but no action was taken in response.

6

19. John Doe reported to Ms. Johnson that Rodriguez placed him on his lap. Jane Doe reported that Rodriguez placed her on his lap and threatened her. Ms. Johnson disregarded Jane Doe's claims and warned her of being sent to the principal's office.

20. On or about April 2023, another student's parent notified Principal Webb of her son's disclosure stating that Rodriguez placed her son on his lap. The parent cried as she informed the principal of her son's disclosure.

21. Upon being questioned by Principal Webb, the minor told Webb that he had sat on Rodriguez's lap, and cried while he told her. A formal and adequate investigation was not conducted into the parent's and child's complaint against Rodriguez. Webb failed to take appropriate measures in response to Rodriguez's misconduct toward the child.

22. The same day, the parent received a call after her report from an unknown school employee, acting on behalf of the School Board, stating it was a misunderstanding, reflecting the School Board's custom of dismissing complaints without investigation.

23. In response to actual notice of Rodriguez's boundary violations and misconduct toward students, school officials, including Principal Webb and Assistant Principal Rebecca Britto, failed to conduct a Title IX investigation, contact the Department of Children and Families, or implement safety measures to protect students as required by law. As a result, Rodriguez continued to sexually abuse John and Jane Doe at the School.

24. Ms. Johnson, aware of Rodriguez's favoritism and John and Jane Doe's report of his misconduct, failed to take corrective action, further contributing to the school's negligence. Further, Ms. Johnson failed to properly supervise students during instances of their sexual abuse in her classroom.

25. The failure to investigate in 2021 allowed Rodriguez to maintain unsupervised access to ESOL students, fostering an environment where his grooming behaviors escalated into sexual abuse by August 2022. Defendant's failure to adequately and formally investigate the 2021 or 2023 complaints allowed Rodriguez to continue having unsupervised access to John and Jane Doe. Defendant's failure to adequately and formally investigate the 2021 or 2023 complaints allowed Rodriguez to continue having unsupervised access to John and Jane Doe through the start of the 2023–2024 academic year, proximately causing their continued sexual abuse.

26. As a result of the minors' sexual abuse, the subsequent criminal case and treatment of her children, Mother Doe lost her job due to the time required to address her children's treatment and the criminal case, necessitating relocation to Iowa for their safety and to avoid further trauma.

## COUNT I - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT (JOHN DOE)

27. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 26, as if fully set forth herein.

28. At all times material, Defendant, The School Board of Manatee County, was a state actor acting under color of state law within the meaning of 42 U.S.C. § 1983.

29. John Doe, enrolled at Florine J. Abel Elementary School during the events giving rise to this action, had a clearly established constitutional right under the Substantive Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, to bodily integrity and to be free from sexual abuse in the public-school setting.

30. Defendant, through its policymaking officials and agents, had subjective knowledge of a substantial risk of serious harm to John Doe posed by Rodriguez's blatant boundary violations,

sexual harassment, sexual abuse, and grooming behavior toward young and vulnerable students. Specifically: (a) in Spring 2021, Assistant Principal Rebecca Britto was informed of Rodriguez's inappropriate off-campus interactions with a student, including taking the student to the movies and having the student over for dinner, and encouraging students to use familial nicknames such as "Daddy," "Papi," or "Abuelo"; (b) in April 2023, Principal Samantha Webb received a parent's complaint that Rodriguez placed her son on his lap, with the child confirming this occurred while displaying emotional distress; and (c) during the 2022–2023 school year, John Doe and Jane Doe reported Rodriguez's harassment to Ms. Johnson, a teacher, and she warned she would send Jane Doe to the principal's office, Ms. Johnson was also aware of Rodriguez's favoritism toward some students, and Rodriguez's use of familial nicknames and favoritism. These reports provided actual notice of Rodriguez's grooming, predatory conduct and the risk of sexual abuse to students like John Doe.

31. Defendant had actual knowledge of the risk, as Rodriguez's misconduct and repeated boundary violations, including off-campus interactions and inappropriate physical contact, were so pervasive and obvious that a reasonably diligent school board would have investigated and taken corrective action.

32. Defendant disregarded this risk by maintaining a custom of deliberate indifference, including: (a) a longstanding practice or unwritten policy of not conducting formal investigations into reports of employee misconduct absent criminal charges, as evidenced by the 2021 and 2023 reports to Johnson, Webb, and Britto, and prior uninvestigated complaints; (b) failing to report to the Department of Children and Families or notify the Title IX coordinator; (c) failing to discipline Rodriguez or implement safety measures; and (d) failing to adequately train staff, including Ms. Johnson, Principal Webb, and Assistant Principal Britto, on mandatory reporting

9

requirements under Fla. Stat. § 39.201 and recognizing grooming behaviors, which directly contributed to their failure to report Rodriguez's misconduct in 2021 and 2023, allowing him to continue abusing John Doe. The 2021 reports, part of a continuing pattern of deliberate indifference through 2023, which contributed to John Doe's sexual abuse by Rodriguez.

33. Defendant's conduct constituted reckless disregard of student safety, exceeding gross negligence, by consciously ignoring credible reports of Rodriguez's boundary violations, grooming, and sexual abuse, such as inappropriate physical contact, off-campus interactions, and encouraging familial nicknames, and making a deliberate choice to disregard the danger to students like John Doe.

34. Defendant's affirmative inaction created a dangerous environment that foreseeably led to the violation of John Doe's constitutional rights, satisfying the state-created danger doctrine. Specifically, after Jane Doe reported to Ms. Johnson that Rodriguez placed her on his lap, and threatened her, Ms. Johnson warned Jane Doe that she could be sent to the principal's office, discouraging further reports. Further, Defendant failed to investigate, discipline, monitor, or remove Rodriguez after receiving credible reports, Defendant increased the risk of harm to John Doe, a foreseeable victim in the School's care, proximately causing his sexual abuse. Defendant created a dangerous environment particularized to John Doe as an ESOL student, who was under Rodriguez's direct supervision, foreseeably leading to sexual abuse. Defendant's failure to act on 2021 reports of off-campus interactions enabled Rodriguez to escalate grooming into sexual abuse by August 2022.

35. Defendant's deliberate indifference, characterized by conscience-shocking conduct, included the following: (a) ignoring the 2021 report of Rodriguez's off-campus interactions with a student, which posed a clear risk of grooming; (b) dismissing the April 2023 parent complaint

as a misunderstanding without an adequate and formal investigation, despite the child's emotional distress; (c) allowing Rodriguez continued unsupervised access to vulnerable children; and (d) ignoring John and Jane Doe's complaints and warning Jane Doe that she could be sent to the principal's office, discouraging future reports. These actions demonstrate arbitrary disregard for student safety.

36. Defendant's actions violated John Doe's right to bodily integrity under the Fourteenth Amendment's Due Process Clause. This violation was not a one-time negligent act but a widespread practice of ignoring student safety complaints, inadequate Title IX compliance, and dismissing credible reports, resulting in John Doe's deprivation of his constitutional rights. Defendant's deliberate indifference, characterized by conscience-shocking conduct, included ignoring multiple credible reports of Rodriguez's grooming behavior and sexual harassment over two years, failing to report to DCF, and allowing Rodriguez unsupervised access to vulnerable children, demonstrating arbitrary disregard for student safety.

37. Defendant's deliberate indifference, including affirmatively allowing Rodriguez unsupervised access to students after credible reports, foreseeably led to the violation of John Doe's constitutional rights, satisfying the requirements for liability under § 1983.

38. As a proximate result of Defendant's conduct, John Doe suffered physical and emotional harm, trauma, loss of dignity, and other compensable injuries, entitling him to compensatory damages, attorneys' fees, and all relief available under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant for damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

11

**COUNT II - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 –
FOURTEENTH AMENDMENT (JANE DOE)**

39. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 26, as if fully set forth herein.

40. At all times material, Defendant, The School Board of Manatee County, was a state actor acting under color of state law within the meaning of 42 U.S.C. § 1983.

41. Jane Doe, enrolled at Florine J. Abel Elementary School during the events giving rise to this action, had a clearly established constitutional right under the Substantive Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, to bodily integrity and to be free from sexual abuse in the public-school setting.

42. Defendant, through its policymaking officials and agents, had subjective knowledge of a substantial risk of serious harm to Jane Doe posed by Rodriguez's blatant boundary violations sexual harassment, sexual abuse, and grooming behavior toward young and vulnerable students. Specifically: (a) in Spring 2021, Assistant Principal Rebecca Britto was informed of Rodriguez's inappropriate off-campus interactions with a student, including taking the student to the movies and having the student over for dinner, and encouraging students to use familial nicknames such as "Daddy," "Papi," or "Abuelo"; (b) in April 2023, Principal Samantha Webb received a parent's complaint that Rodriguez placed her son on his lap, with the child confirming this occurred while displaying emotional distress; and (c) during the 2022–2023 school year, John Doe and Jane Doe reported Rodriguez's harassment to Ms. Johnson, a teacher, and she warned she would send Jane Doe to the principal's office, Ms. Johnson was also aware of Rodriguez's favoritism toward some students, and Rodriguez's use of familial nicknames and favoritism. These reports provided actual notice of Rodriguez's predatory conduct and the risk of sexual abuse to students like Jane Doe.

43. Defendant had actual knowledge of the risk, as Rodriguez's misconduct and repeated boundary violations, including off-campus interactions and inappropriate physical contact, were so pervasive and obvious that a reasonably diligent school board would have investigated and taken corrective action.

44. Defendant disregarded this risk by maintaining a custom of deliberate indifference, including: (a) a longstanding practice or unwritten policy of not conducting formal investigations into reports of employee misconduct absent criminal charges, as evidenced by the 2021 and 2023 reports to Johnson, Webb, and Britto, and prior uninvestigated complaints; (b) failing to report to the Department of Children and Families or notify the Title IX coordinator; (c) failing to discipline Rodriguez or implement safety measures; and (d) failing to adequately train staff, including Ms. Johnson, Principal Webb, and Assistant Principal Britto, on mandatory reporting requirements under Fla. Stat. § 39.201 and recognizing grooming behaviors, which directly contributed to their failure to report Rodriguez's misconduct in 2021 and 2023, allowing him to continue abusing Jane Doe. The 2021 reports, part of a continuing pattern of deliberate indifference through 2023, which contributed to Jane Doe's sexual abuse by Rodriguez.

45. Defendant's conduct constituted reckless disregard of student safety, exceeding gross negligence, by consciously ignoring credible reports of Rodriguez's boundary violations, grooming, and sexual abuse, such as inappropriate physical contact, off-campus interactions, and encouraging familial nicknames, and making a deliberate choice to disregard the danger to students like Jane Doe.

46. Defendant's affirmative inaction created a dangerous environment that foreseeably led to the violation of Jane Doe's constitutional rights, satisfying the state-created danger doctrine. Specifically, after Jane Doe reported to Ms. Johnson that Rodriguez placed her on his lap, and

13

threatened her, Ms. Johnson warned Jane Doe that she could be sent to the principal's office, discouraging further reports. Further, Defendant failed to investigate, discipline, monitor, or remove Rodriguez after receiving credible reports, Defendant increased the risk of harm to Jane Doe, a foreseeable victim in the School's care, proximately causing her sexual abuse. Defendant created a dangerous environment particularized to Jane Doe as an ESOL student, who was under Rodriguez's direct supervision, foreseeably leading to sexual abuse. Defendant's failure to act on 2021 reports of off-campus interactions enabled Rodriguez to escalate grooming into sexual abuse by August 2022.

47. Defendant's deliberate indifference, characterized by conscience-shocking conduct, included the following: (a) ignoring the 2021 report of Rodriguez's off-campus interactions with a student, which posed a clear risk of grooming; (b) dismissing the April 2023 parent complaint as a misunderstanding without investigation, despite the child's emotional distress; (c) allowing Rodriguez continued unsupervised access to vulnerable children; and (d) ignoring John and Jane Doe's complaints and warning Jane Doe that she could be sent to the principal's office, discouraging future reports. These actions demonstrate arbitrary disregard for student safety.

48. Defendant's actions violated Jane Doe's right to bodily integrity under the Fourteenth Amendment's Due Process Clause. This violation was not a one-time negligent act but a widespread practice of ignoring student safety complaints, inadequate Title IX compliance, and dismissing credible reports, resulting in Jane Doe's deprivation of her constitutional rights. Defendant's deliberate indifference, characterized by conscience-shocking conduct, included ignoring multiple credible reports of Rodriguez's grooming behavior and sexual harassment

over two years, failing to report to DCF, and allowing Rodriguez unsupervised access to vulnerable children, demonstrating arbitrary disregard for student safety.

49. As a proximate result of Defendant's conduct, Jane Doe suffered physical and emotional harm, trauma, loss of dignity, and other compensable injuries, entitling her to compensatory damages, attorneys' fees, and all relief available under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant for damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

## COUNT III - VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. JOHNSON'S NEGLIGENCE PRIOR TO AND DURING JOHN DOE'S SEXUAL ASSAULT

50. John Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 26 as though fully set forth herein.

51. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

52. At all relevant times, Ms. Johnson was a teacher employed by the School Board of Manatee County. Ms. Johnson was acting within the scope of her employment as a teacher as her duties included supervising students, monitoring classroom interactions, and reporting suspected abuse, and her negligent failures occurred during the performance of these duties.

53. Ms. Johnson, as a teacher, owed a duty of care to John Doe, a student under her supervision, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

54. Ms. Johnson breached her duty of care by failing to adequately supervise John Doe and other students in her classroom, where Rodriguez sexually abused John Doe during school hours.

55. John Doe reported to Ms. Johnson that Rodriguez placed him on his lap. Jane Doe reported to Ms. Johnson that Rodriguez placed her on his lap and threatened her, but no action was taken in response. Instead, Ms. Johnson warned Jane Doe that she could be sent to the principal's office, discouraging further reports. Ms. Johnson was physically present in the classroom during instances of Rodriguez's sexual abuse of John and Jane Doe but failed to intervene due to her negligent inattention and failure to monitor Rodriguez's interactions with students.

56. Ms. Johnson was aware that Rodriguez showed favoritism toward certain students, referring to them as his "favorites," which should have alerted her to the potential for inappropriate conduct. Ms. Johnson was also aware that he asked the students to call him "grandpa," or "abuelo." Yet, she failed to take any action to monitor or report Rodriguez's behavior.

57. The School Board of Manatee County is vicariously liable for Ms. Johnson's negligence, as her actions and omissions occurred within the scope of her employment as a teacher responsible for the safety and supervision of students, including John Doe. Ms. Johnson's negligent failure to supervise, report, or investigate Rodriguez's known misconduct directly enabled him to maintain unsupervised access to John and Jane Doe, allowing him to sexually abuse them in the classroom during school hours.

58. As a direct and proximate result of Ms. Johnson's negligence, for which the School Board is vicariously liable, John Doe was sexually harassed, assaulted and/or abused by Rodriguez while attending the School.

59. As a result of the sexual harassment and sexual assault, John Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, costs

associated with medical/psychological care and treatment. Alternatively, John Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and John Doe will suffer such losses in the future. These injuries may impair John Doe's future earning capacity and are ongoing in nature.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award all damages, including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT IV - VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. JOHNSON'S NEGLIGENCE PRIOR TO AND DURING JANE DOE'S SEXUAL ASSAULT

60. Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 26 as though fully set forth herein.

61. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

62. At all relevant times, Ms. Johnson was a teacher employed by the School Board of Manatee County. Ms. Johnson was acting within the scope of her employment as a teacher as her duties included supervising students, monitoring classroom interactions, and reporting suspected abuse, and her negligent failures occurred during the performance of these duties.

63. Ms. Johnson, as a teacher, owed a duty of care to Jane Doe, a student under her supervision, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

64. Ms. Johnson breached her duty of care by failing to adequately supervise Jane Doe and other students in her classroom, where Rodriguez sexually abused Jane Doe during school hours.

65. John Doe reported to Ms. Johnson that Rodriguez placed him on his lap. Jane Doe reported to Ms. Johnson that Rodriguez placed her on his lap and threatened her, but no action was taken in response. Instead, Ms. Johnson warned Jane Doe that she could be sent to the principal's office, discouraging further reports. Ms. Johnson was physically present in the classroom during instances of Rodriguez's sexual abuse of John and Jane Doe but failed to intervene due to her negligent inattention and failure to monitor Rodriguez's interactions with students.

66. Ms. Johnson was aware that Rodriguez showed favoritism toward certain students, referring to them as his "favorites," which should have alerted her to the potential for inappropriate conduct. Ms. Johnson was also aware that he asked the students to call him "grandpa," or "abuelo." Yet, she failed to take any action to monitor or report Rodriguez's behavior.

67. Despite this actual notice, Ms. Johnson failed to take any action to investigate, report, or prevent further misconduct by Rodriguez, thereby allowing the abuse to continue.

68. The School Board of Manatee County is vicariously liable for Ms. Johnson's negligence, as her actions and omissions, including her failure to act on Jane Doe's report, occurred within the scope of her employment as a teacher responsible for the safety and supervision of students, including Jane Doe. Ms. Johnson's negligent failure to supervise, report, or investigate Rodriguez's known misconduct directly enabled him to maintain unsupervised access to Jane Doe, allowing him to sexually abuse her in the classroom during school hours.

69. As a direct and proximate result of Ms. Johnson's negligence, for which the School Board is vicariously liable, Jane Doe was sexually harassed, assaulted and/or abused by Rodriguez while attending the School.

18

70. As a result of the sexual harassment and sexual assault, Jane Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, costs associated with medical/psychological care and treatment. Alternatively, Jane Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and Jane Doe will suffer such losses in the future. These injuries may impair Jane Doe's future earning capacity and are ongoing in nature.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award all damages, including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

## COUNT V - VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. WEBB'S NEGLIGENCE DURING JOHN DOE'S SEXUAL ASSAULT

71. John Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 26 as though fully set forth herein.

72. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

73. During all relevant times, Ms. Webb served as a principal employed by the School Board of Manatee County. She acted within the scope of her employment, with responsibilities encompassing student supervision, oversight and discipline of teachers, monitoring classroom

19

activities, and reporting suspected abuse. Her negligent omissions occurred in the course of performing these duties.

74. Ms. Webb, as principal, owed a duty of care to John Doe, a student of the school, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

75. Ms. Webb breached her duty of care by failing to adequately respond to and reasonably investigate allegations against Rodriguez by a mother and her child, that he placed the student on his lap. Specifically, Ms. Webb failed to: (a) notify the Title IX coordinator; (b) report the allegations to the Department of Children and Families; (c) conduct a thorough investigation, including interviewing other students or parents; or (d) supervise, monitor or restrict Rodriguez's interactions with students after receiving notice of his misconduct, among other reasonable measures, which allowed him continued unsupervised access to John Doe, directly enabling his sexual abuse.

76. The School Board of Manatee County is vicariously liable for Ms. Webb's negligence, as her actions and omissions occurred within the scope of her employment as a principal responsible for the safety and supervision of students, including John Doe. Ms. Webb's negligent failure to supervise, report, or adequately investigate Rodriguez's known misconduct directly enabled him to maintain unsupervised access to John Doe, allowing him to sexually abuse him in the classroom during school hours.

77. As a direct and proximate result of Ms. Webb's negligence in failing to respond reasonably to the complaint, for which the School Board is vicariously liable, John Doe was sexually harassed, assaulted and/or abused by Rodriguez while attending the School.

78. As a result of the sexual harassment and sexual assault, John Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, costs associated with medical/psychological care and treatment. Alternatively, John Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and John Doe will suffer such losses in the future. These injuries may impair John Doe's future earning capacity and are ongoing in nature.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award all damages, including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT VI- VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. WEBB'S NEGLIGENCE DURING JANE DOE'S SEXUAL ASSAULT

79. Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 26 as though fully set forth herein.

80. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

81. During all relevant times, Ms. Webb served as a principal employed by the School Board of Manatee County. She acted within the scope of her employment, with responsibilities encompassing student supervision, oversight and discipline of teachers, monitoring classroom

activities, and reporting suspected abuse. Her negligent omissions occurred in the course of performing these duties.

82. Ms. Webb, as principal, owed a duty of care to Jane Doe, a student of the school, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

83. Ms. Webb breached her duty of care by failing to adequately respond to and reasonably investigate allegations against Rodriguez by a mother and her child, that he placed the student on his lap. Specifically, Ms. Webb failed to: (a) notify the Title IX coordinator; (b) report the allegations to the Department of Children and Families; (c) conduct a thorough investigation, including interviewing other students or parents; or (d) supervise, monitor, or restrict Rodriguez's interactions with students after receiving notice of his misconduct, among other reasonable measures, which allowed him continued unsupervised access to Jane Doe, directly enabling her sexual abuse.

84. The School Board of Manatee County is vicariously liable for Ms. Webb's negligence, as her actions and omissions occurred within the scope of her employment as a principal responsible for the safety and supervision of students, including Jane Doe. Ms. Webb's negligent failure to supervise, report, or adequately investigate Rodriguez's known misconduct directly enabled him to maintain unsupervised access to Jane Doe, allowing him to sexually abuse her in the classroom during school hours.

85. As a direct and proximate result of Ms. Webb's negligence in failing to respond reasonably to the complaint, for which the School Board is vicariously liable, Jane Doe was sexually harassed, assaulted and/or abused by Rodriguez while attending the School.

86. As a result of the sexual harassment and sexual assault, Jane Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, costs associated with medical/psychological care and treatment. Alternatively, Jane Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and Jane Doe will suffer such losses in the future. These injuries may impair Jane Doe's future earning capacity and are ongoing in nature.

   **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award all damages, including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

## COUNT VII - LOSS OF FILIAL CONSORTIUM AGAINST THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA (MOTHER DOE)

87. Plaintiff, Mother Doe, readopts and realleges the allegations set forth in Paragraphs 1 through 26 of the First Amended Complaint as though fully set forth herein.

88. All conditions precedent to bringing this cause of action have been satisfied or waived, including written notice to the School Board of Manatee County and the Department of Financial Services, specifying the claim and damages, pursuant to Fla. Stat. § 768.28(6).

89. The School Board owed a duty to Mother Doe, as the custodial parent, to protect her minor children from foreseeable harm, ensuring their safety and preserving her familial relationship. Defendant, The School Board of Manatee County, Florida, owed a duty of care to Mother

Doe's minor children, John Doe and Jane Doe, enrolled at Florine J. Abel Elementary School, to exercise reasonable care in supervising and protecting them from foreseeable harm, including sexual abuse by school employees, during school hours on school premises.

90. Defendant breached this duty through the negligent acts and omissions of its employees, including Principal Samantha Webb, Assistant Principal Rebecca Britto, and teacher Ms. Johnson, who failed to: (a) adequately investigate reports of Angel Rodriguez Mercado's inappropriate behavior in 2021 and 2023; (b) report suspected abuse to the Department of Children and Families as required by Fla. Stat. § 39.201; (c) implement safety measures to restrict Rodriguez's access to students; and (d) properly supervise students in the classroom where the abuse occurred, and through Defendant's own failure to implement adequate training or policies to prevent sexual abuse, despite prior notice of Rodriguez's misconduct. The Defendants' negligent acts and omissions, which the School Board knew or should have known would lead to harm, were the direct and proximate cause of John and Jane Doe's injury and resulting damages.

91. As a direct and proximate result of Defendant's negligence, John Doe and Jane Doe suffered severe physical and psychological injuries from sexual abuse by Rodriguez, causing significant and ongoing harm, including emotional distress, regression, and mental anguish, resulting in the minors' permanent total disability.

92. As a direct and proximate result of the injuries to John Doe and Jane Doe, Mother Doe has suffered damages including the loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, lost wages from her inability to work during their recovery care and faced ongoing financial strain due to the need to protect her children from further trauma. This loss is evidenced by the family's relocation to Iowa in or about November

2023 due to the trauma caused by the abuse, which disrupted their familial relationship and diminished Mother Doe's ability to enjoy the normal companionship of her children.

93. Mother Doe's loss of filial consortium was a foreseeable consequence of Defendant's negligence, as the School Board's failure to protect minor students from sexual abuse created a zone of risk extending to their custodial parent under Florida law.

WHEREFORE, Plaintiff, Mother Doe, respectfully requests that this Court enter judgment against Defendant, The School Board of Manatee County, Florida, and award compensatory damages for the loss of filial consortium, costs, interest, and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff, Mother Doe, on behalf of John Doe and Jane Doe, respectfully requests that this Court: a. Enter judgment in favor of Plaintiff against Defendant The School Board of Manatee County on all counts; b. Award compensatory damages, including general and special damages, for psychological, emotional, and physical injuries, loss of filial consortium, pain and suffering; c. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws; d. Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues contained in this Complaint.

Dated: June 23, 2025

Respectfully submitted,

_/s/ Krisel McSweeney_
Krisel McSweeney
Florida Bar No.: 112637
McSweeney Law Firm
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel.: 800-540-0668
Fax: 561.961.5191
kmcsweeney@mcsweeneylawfirm.com