UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOTHER DOE,

    Plaintiff,

v.                                              Case No: 8:25-cv-1577-CEH-TGW

SCHOOL BOARD OF MANATEE
COUNTY, FLORIDA,

    Defendant.
_____

## ORDER

This matter is before the Court *sua sponte*. Plaintiff has initiated two separate actions against Defendant in this Court, Case Numbers 8:24-cv-2540-CEH-LSG ("the first action") and 8:25-cv-1577-CEH-TGW ("the second action"). Because the second action is precluded by the claim-splitting doctrine, it is due to be dismissed.

Upon review and full consideration, the instant (second) action will be dismissed without prejudice to Plaintiff amending her Amended Complaint in the first action to add the dismissed claims.

## BACKGROUND

On October 30, 2024, Plaintiff Mother Doe, on behalf of herself and her two minor children John Doe and Jane Doe, initiated the first action against Defendant School Board of Manatee County, Florida, arising out of allegations of sexual assault and harassment of the minor children by Angel Rodriguez Mercado, an English for Speakers of Other Language ("ESOL") paraprofessional employed by Defendant. *See*

Doc. 1, in Case No. 8:24-2540-CEH-LSG (M.D. Fla.). In an Amended Complaint filed January 2, 2025, Plaintiff sued Defendant for violations of Title IX (Counts I, II) and negligence (Counts III, IV). *See id.* (Doc. 21).

The Court issued a Case Management and Scheduling Order in the first action that set a deadline of March 21, 2025, for amendments to pleadings. *See id.* (Doc. 27). Neither party moved to extend the deadline. However, after the deadline, Plaintiff filed on May 26, 2025, a motion for leave to amend her complaint, which Defendant opposed. Before the Court issued a ruling on the motion for leave to amend, Plaintiff filed this separate second action asserting the causes of action she had attempted to add via her motion to amend in the first action.

The Complaint in the second action involves the same parties and arises out of the same allegations as the first action's Amended Complaint and adds additional facts related to the new causes of action which Plaintiff sought to bring in the first action. The Amended complaint in the second action includes claims for civil rights violations under 42 U.S.C. § 1983 (Counts I, II); vicarious liability of the School Board (Counts III, IV, V, VI); and for loss of filial consortium by Mother Doe (Count VII).

## **DISCUSSION**

Plaintiff's initiation of a second action against the same defendant based on the same set of facts constitutes improper claim-splitting. The Eleventh Circuit adopted the doctrine of claim-splitting in *Vanover v. NCO Fin. Srvcs., Inc.*, 857 F.3d 833 (11th Cir. 2017). "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Id.* at 841, quoting *Katz*

*v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *see also Vanover*, 857 F.3d at 841, quoting *Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."). Successive causes of action will constitute claim-splitting where they involve the same parties or their privies and they arise from the same transaction or series of transactions—even if the second action asserts new causes of action that are not present in the first action. *Vanover*, 857 F.3d at 841-43. Here, the two actions involve the same parties and arise from the same set of facts. Accordingly, Plaintiff improperly split her claims between the two cases.

The typical remedy for claim-splitting is a dismissal of the second action with prejudice. *See, e.g.*, *Villarino v. Joekel*, No. 0:23-cv-61003, 2024 WL 1633619 (S.D. Fla. March 29, 2024); *Heikko v. Safeco Ins. Co. of Ill.*, No. 21-61885-CIV, 2022 WL 1311138 (S.D. Fla. March 28, 2022), *aff'd*, No. 22-11380, 2022 WL 17986178 (11th Cir. Dec. 29, 2022); *Yellow Pages Photos, Inc. v. Dex Media, Inc.*, No. 8:18-cv-1872-CEH-AEP, 2019 WL 2247701 (M.D. Fla. May 24, 2019) (Honeywell, J.); *Kennedy v. Floridian Hotel Inc.*, No. 0:18-cv-62486, 2019 WL 13260528 (S.D. Fla. April 3, 2019), *aff'd*, 998 F.3d 1221, 1236-37 (11th Cir. 2021); *Vanover v. NCO Fin. Systs., Inc.*, No. 8:15-cv-1434-VMC-EAJ, 2015 WL 13540996 (M.D. Fla. Oct. 28, 2015), *aff'd*, 857 F.3d 833.

Rather than file a second action, the correct procedure for adding new causes of action after the deadline to do so has expired is to file a motion for leave of Court to amend. *See* Fed. R. Civ. P. 15(a)(2). Indeed, Plaintiff did that in the first action. But

instead of waiting for the Court's ruling on the motion, she instead improperly filed a second action splitting her claims and then moved in the first action to consolidate the two cases. "By spreading claims around in multiple lawsuit . . . parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." *Katz*, 655 F.3d at 1217. Consolidation of the two actions would not lead to the conservation of judicial resources and the most efficient disposition of Plaintiff's claims. The Court will therefore dismiss the second action. *See, e.g., Villarino*, 2024 WL 1633619.

Nonetheless, because it does not appear that Plaintiff's motives for engaging in claim-splitting were malicious, the Court will not dismiss her new claims with prejudice. It will instead dismiss this action without prejudice to Plaintiff amending—in a timely manner—her Amended Complaint in the first action to assert the claims she raised in the second action. Accordingly, it is

**ORDERED:**

1. This action is **DISMISSED**, without prejudice to Plaintiff amending her Complaint in Case No. 8:24-cv-2540-CEH-LSG to assert the causes of action she raised in this action, in a timely manner.

2. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties, if any